UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                         Case No. 04-81489-WRS
                                                              Chapter 13
KENNETH LYNCH,

      Debtor

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for confirmation of the Debtor's Chapter 13 Plan on December 8, 2004. The Debtor was present and in person by counsel Deborah Knight. Chapter 13 Trustee Curtis C. Reding was present by counsel Sabrina McKinney. Citimortgage[1] filed a timely objection to confirmation of the Plan (Doc. 12) but was not represented at the December 8, 2004 hearing. Nevertheless, the Court will review its record and determine whether this plan should be confirmed.

Before considering the Debtor's Plan, the Court will review the Debtor's history in this Court. On September 20, 2001, the Debtor filed a petition under Chapter 13 initiating Case No. 01-5923. On February 20, 2003, the Court entered a Consent Order which provided a "drop dead" provision in favor of Citimortgage. (Doc. 01-5923, Doc. 43). This means that, in the event the Debtor failed to pay his mortgage, the automatic stay would terminate without further notice or hearing. On March 12, 2003, the Debtor voluntarily dismissed his bankruptcy case. (Doc. 44).

On April 11, 2003, the Debtor filed another Chapter 13 petition, initiating Case No. 03-80556. This filing is only 30 days after the dismissal of Case No. 01-5923 and was in violation

---

[1] At times the mortgagee is referred to in the pleadings and papers as Citimortgage and Citifinancial. As this appears to be the same entity, the Court will use the name Citimortgage in this Memorandum Decision.

of 11 U.S.C. § 109(g)(2). Citimortgage did not object and the matter was not brought to the Court's attention. The Debtor's Chapter 13 Plan in this case was confirmed on June 17, 2003. (Doc. 11). On January 8, 2004, Citimortgage filed another motion for relief from the automatic stay. (Case No. 03-80556, Doc. 14). On March 11, 2004, the Debtor and Citimortgage entered into another agreed order. (Case No. 03-80556, Doc. 18). On May 10, 2004, Case No. 03-80556 was dismissed because the Debtor had not been making his payments to the Chapter 13 Trustee. (Case No. 03-80556, Doc. 23).

On May 27, 2004, the Debtor filed his third Chapter 13 petition initiating this case. One should bear in mind that Case No. 01-5923 had been dismissed on March 13, 2003, a little more than a year ago and his previous case had been dismissed only a few weeks before the filing of this case.

The past due amount owed to Citimortgage is now over $11,000.00 (Doc. 12). To put the matter differently, the mortgage is approximately 20 months behind. The Debtor's Schedule I indicates combined monthly income of $2,354.00, which may arguably be sufficient to fund his Plan and pay the mortgage. At the hearing, the Debtor testified that his monthly income was the $1,001.00 and $316.00 amounts. The Debtor's Schedule I double counts the Debtor's retirement income, meaning that it is only $1,317.00 per month, which explains why the Debtor has not been able to make his mortgage payments and his Chapter 13 plan payments in the past.

The Court is not unsympathetic to the plight of the Debtor. He has suffered a disability and is unable to pay the mortgage on his home. However, an objective examination of the Debtor's financial condition would lead any impartial observer to conclude that the Debtor cannot fund his plan.

2

The Court will take this opportunity to criticize the performance of the Debtor's lawyer, who has filed three cases in short succession. This pattern of filing a bankruptcy petition followed by the filing of a motion for relief from the automatic stay, filed by a dismissal and then a subsequent filing of another petition is an abuse of the protections provided by the Bankruptcy Court. See, In re: Jones, 289 B.R. 436 (Bankr. M.D. Ala. 2003)(discussing bad faith and serial filings). Debtor's counsel is advised that future filings which are found to be in bad faith may result in the imposition of sanctions.

For these reasons, this case is dismissed with a 180-day injunction against the filing under any chapter of the Bankruptcy Code in any Bankruptcy Court in the United States. The Court will enter an order of dismissal separately.

Done this 20th day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles M. Ingrum, Attorney for Debtor
Curtis C. Reding, Trustee
Diane C. Murray, Attorney for Citimortgage
Debtor